## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

LaSherra Curry,

individually and on behalf of all others similarly situated,

Plaintiff,

-v.-

First National Collection Bureau, Inc.,

Defendant.

Case: 4:21-cv-3394

## CLASS ACTION COMPLAINT
## DEMAND FOR JURY TRIAL

Plaintiff LaSherra Curry brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant First National Collection Bureau, Inc. ("FNCB"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3.    The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5.    Plaintiff brings this class action on behalf of a class of Texas consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6.    Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.    Plaintiff is a resident of the State of Texas, County of Harris.

8.    Defendant FNCB is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9.    FNCB has a service address at Corporation Service Company 300 Deschutes Way SW, Suite 208 MC-CSC1, Tumwater, WA 98501.

10.    Upon information and belief, FNCB is a company that uses the mail and telephone and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

11.     Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12.     The Class consists of:

        a.   all individuals with addresses in the State of Texas;

        b.   to whom Defendant FNCB sent a collection letter;

        c.   attempting to collect a consumer debt;

        d.   that has been reduced to judgment;

        e.   in two alternative sub-classes:

                1.   where the letter states that even if the recipient pays the total amount due an adjustment may be necessary after FNCB receives the check;

                        a.   yet Defendant was not actually claiming any amounts greater than in the letter;

            or in the alternative

                2.   where the letter has an amount of interest that does not reflect the full amount of accrued post-judgment interest; and

        f.   which letter was sent on or after a date one year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13.     The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14.     Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate

families, and legal counsel for all parties to this action, and all members of their immediate families.

15.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

16.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a.    **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b.    **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to modify the class definition and/or certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20.    Plaintiff repeats the above allegations as if set forth here.

21.    Some time prior to December 22, 2011, Plaintiff allegedly incurred an obligation to non-party T-Mobile USA, Inc. ("T-Mobile").

22.    The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically personal communications.

23.    The alleged T-Mobile obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24.    T-Mobile is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25.    Upon information and belief, it appears that T-Mobile sold or assigned the alleged to debt to non-party LVNV.

26.    A judgment was entered on the alleged debt against Plaintiff on December 22, 2011.

27.    Upon information and belief, LVNV contracted with Defendant FCNB to collect the alleged debt.

28.    Defendant FCNB collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation - July 16, 2021 Collection Letter*

29.    On or about July 16, 2021, Defendant FNCB sent Plaintiff a collection letter regarding the alleged debt.  See Letter attached as Exhibit A.

30.    The letter states a "Principal Balance Due" of $533.25 and "Interest in the Amount of $11.36" for a "Total Amount Due" of $544.61.

31.    The Letter also states that judgment was entered on 12/22/2011.

32.    Upon information and belief, the "principal of $533.25" actually includes both principal and interest.

33.    Stating that this amount only includes the principal is therefore false and/or deceptive

*First Alternate Theory of the Case*

34.    The letter further states, "As of the date of this letter, you owe $544.61. Because of interest the amount due on the day you pay may be greater.  Hence if you pay the amount shown above, and adjustment may be necessary after we receive your check".

35.    The Letter states interest is being charged on the Account.

36.    However, Defendant is not charging interest on the Account.

37.    Subsequent to the date of the Letter, the amount demanded had not changed.

38.    Contrary to the Letter, the balance demanded by Defendant will not vary.

39.    Stating that the balance may increase is merely a deceptive collection tactic intended to intimidate and coerce Plaintiff into paying immediately.

40.    Stating, or implying, that the amount that will be demanded from Plaintiff will increase is false and/or deceptive.

41.    Furthermore, the threat of a possible balance increase overshadows the FDCPA Section 1692g notice language and coerced Plaintiff not to exert her rights thereunder.

*Second Alternate Theory of the Case*

42.    The Letter states that the "Current Balance" is $544.61 and the "Judgment Date" is "12/22/2011".

43.    It also states that the interest balance is $11.36.

44.    However, that amount for interest in inaccurate.

45.    Upon information and belief, the judgment was entered on December 22, 2011 in the amount of $533.25.

46.    After adding $11.36 in interest, the alleged balance is $544.61.

47.    Alternatively, the judgment was entered on December 22, 2011 in the amount of $544.61.

48.    Either way, the Letter is problematic.

49.    By force of law pursuant to Tex. Fin. Code § 304.003 judgments automatically accrue interest at between five and fifteen percent per year.

50.    Therefore, the interest on this judgment that was entered almost a decade ago is more than $11.36.

51.    Stating that the only interest due on the judgment is $11.36 is false.

52.    Plaintiff knows that judgments generally accrue interest.

53.    Therefore the "Current Balance" on this judgment is more than $544.61, due to the accumulation of additional interest.

54.    The amount stated as due is therefore false, deceptive, misleading, and unfair.

55.    Even if Defendant is not charging the legally accrued interest, the letter does not state that interest is waived on the judgment.

56.    If Defendant is waiving statutory interest, and in order for the Letter not be deceptive or false, Defendant must so state.

57.    Defendant's failure to do so was false, deceptive, misleading, and unfair.

58.     Even if Defendant did not intend to collect any additional interest, because it did not bindingly waive the right to do so, it retained the right to do so at any point.

59.     Because of this, Defendant could still seek the statutorily accrued interest.

60.     Or a subsequent debt buyer could.

*As to Both Theories*

61.     Plaintiff was therefore unable to evaluate how much is truly being alleged as the correct balance, is being misled at to the total owed and its component parts, and cannot properly evaluate the demand for payment or how to address it.

62.     Defendant's actions caused Plaintiff to suspect there was fraud involved with this collection.

63.     Because of Defendant's actions, Plaintiff expended time, money, and effort in determining the proper course of action.

64.     Plaintiff was therefore unable to make a payment on the debt.

65.     Due to Defendant's actions, the funds Plaintiff could have used to pay all or part of the alleged debt were therefore spent elsewhere

66.     In addition, Plaintiff suffered emotional harm due to Defendant's improper acts.

67.     Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

68.     As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

69.     Plaintiff is entitled to receive non-deceptive collections communications, as required by the FDCPA.

70.    Defendant failed to effectively inform Plaintiff of this information, and in fact attempted to conceal it, in violation of the law

71.    These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

72.    Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

73.    Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

74.    Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

75.    Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

76.    Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

77.    As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## <u>COUNT I</u>
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

78.    Plaintiff repeats the above allegations as if set forth here.

79.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

80.    Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

81.    Defendant violated said section, as described above, by:

a.    Making a false and misleading representation in violation of §§ 1692e and 1692e (10);

b.    Falsely representing the character, amount or legal status of the debt in violation of §1692e (2); and

c.    Impliedly threatening to take an action that Defendant did not intend to take in violation of § 1692e (5).

82.    By reason thereof, Defendant are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## <u>COUNT II</u>
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

83.    Plaintiff repeats the above allegations as if set forth here.

84.    Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

85.    Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

86.    Defendant violated this section by unfairly collecting the debt, as described above.

87.     By reason thereof, Defendant are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, et *seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

88.     Plaintiff repeats the above allegations as if set forth here.

89.     Defendant' s debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

90.     In connection with its initial communication with a consumer, a debt collector must, pursuant to 15 U.S.C. §1692g, send the consumer a written notice containing the amount of the debt.

91.     Defendant violated 15 U.S.C. §1692g by failing to properly state, pursuant to § 1692g (a)(1), the amount of the debt.

92.     In addition, the threat of a possible balance increase overshadows the FDCPA Section 1692g notice language and coerced Plaintiff not to exert her rights thereunder.

93.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees

### DEMAND FOR TRIAL BY JURY

94.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff LaSherra Curry, individually and on behalf of all others similarly situated, demands judgment from Defendant FNCB as follows:

a)      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq., as Class Counsel;

b)      Awarding Plaintiff and the Class statutory damages;

c)      Awarding Plaintiff and the Class actual damages;

d)      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e)      Awarding pre-judgment interest and post-judgment interest; and

f)      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: October 15, 2021                          Respectfully submitted,

                                                 **Stein Saks PLLC**

                                                 s/ Eliyahu Babad
                                                 By:  Eliyahu Babad, Esq.
                                                 One University Plaza, Suite 620
                                                 Hackensack, NJ 07601
                                                 Phone: (201) 282-6500 ext. 121
                                                 Fax: (201) 282-6501
                                                 EBabad@SteinSaksLegal.com

                                                 *Attorneys for Plaintiff*